*77
Curiai per

Richardson, J.
According to my understanding of the case of Gervais vs. Beard, 2 Brev. R. 37, the case before us is decided by that case. By the statement of that case, the defendant’s notes, as in the present case, had not the name attached to her mark ; but the mark being identified, this was holden by the court sufficient evidence of her signature. But as doubts may be felt whether her name may not have been added to her mark, which is the usual form of subscribing by marks-men, I will endeavor to shew that the defendant’s mark to the note now before the court, and without his name being added to his mark, is, of itself, a sufficient signature to make him liable upon principles of law. The legal position is this : that a mark constitutes a binding signature.
It is usual for some bystander to write the name of the marks-man, to, or about, his mark ; and this form of subscribing the name of a marks-man, has been recognized and well established. But putting the name to the mark, can be no more than for a memento of who was the marksman. It is the marks-man’s own subscription that proves his obligation to pay the note — not the writing of a third person. There might be no witnesses present, but marksmen. What, then, should we do '! Certainly not disfranchise the parties. Any maker of a note may subscribe his name illegibly, or in Greek or Chinese characters, but this will not lessen his obligation; and the only legal difference between these and a marks-man, would be that between a learned man and an illiterate marks-man. Each would be required to be equally decyphered or interpreted; and when brought home to the signer of the note, all would have the same reasons for binding him, and the same law, because they equally signed the writing. In all such cases the question would be, what was the contract written'? the signing of which, in either way, equally bound the signor to fulfil. They all fall under this general principle — if a man make an ambiguity, he may puzzle, but he cannot thereby the less warrant the fulfilment of his contract. Law would be a cobweb, to let him break the assurance of his responsibility in that way, whether done by design, or inability to write his name. The *78 ancient way of authenticating by seals or stamps, had the same reason that we now have for allowing marks for signatures — that is, the frequent instances of mere marks-men. Such men must neither be disfranchised on the ,one hand,nor, on the other, allowed to elude the contracts they have so underscored. The non-suit is, therefore, set aside, and a new trial ordered.
O’Neall, Evans, Wardlaw and Frost, JJ. concurred.